Miranda De Hostos, Juez Ponente
*821 TEXTO COMPLETO DE LA RESOLUCION
Se presenta un recurso de revisión judicial de una resolución emitida por el Comité de Apelaciones de la Autoridad de Carreteras y Transportación (Comité) en la cual se declaró no ha lugar, una apelación del recurrente Gilberto Irizarry Morales relacionada al plan de retribución implantado por la Autoridad de Carreteras (Autoridad) en 1991.
Inconforme con tal pronunciamiento señala el recurrente que erró el Comité, al efectuar una serie de determinaciones de hechos contrarias a la prueba presentada por las partes y al validar el plan de la Autoridad el cual le privó de sus logros retributivos violando el principio de mérito.
Luego de un examen de la petición, la oposición y los documentos que obran en autos procedemos a denegar el recurso de revisión judicial por los siguientes fundamentos.
I
Los hechos que dan lugar al presente recurso se resumen de la siguiente manera.
El recurrente ingresó al servicio público el 20 de junio de 1961, y trabajó por espacio de 7 años en el Departamento de Obras Públicas, antes de que existiera la Autoridad. Posteriormente fue trasladado a la Autoridad y allí se convirtió en un empleado gerencial de carrera el cual para el 31 de diciembre de 1990 ocupaba un cargo de Ingeniero VII y percibía un salario mensual ascendente a $3,016.00. El nivel VII del puesto de ingeniero estaba asignado a la escala 28 entonces prevaleciente y el sueldo que percibía el recurrente representaba el tipo retributivo 5 sobre el máximo de dicha escala.
Con efectividad al 1 de enero de 1991 la Autoridad implantó un nuevo Plan de Clasificación y Retribución (PCR) para la totalidad de su estructura organizacional y funcional. Mediante este plan se modificó la estructura o escala salarial aplicable a sus empleados.
Al aprobarse el PCR, el cargo que ocupaba el recurrente quedó clasificado como Ingeniero Gerencial V y se le asignó un salario de $3,114.00 mensuales. Este cambio representó un aumento de $98.00 y que su puesto se asignara al segundo tipo de la nueva escala retributiva 28.
El recurrente no quedó conforme con la nueva clasificación y solicitó una revisión administrativa. Como resultado de esta acción el puesto del recurrente se clasificó como Ingeniero Gerencial VI, se le ubicó en la nueva escala 29 y su sueldo de $3,114.00 quedó inalterado pues éste correspondía con el primer tipo retributivo.
En junio de 1992 el recurrente acudió en apelación al Comité alegando que debido al referido plan, la Autoridad no le reconoció los pasos por mérito y antigüedad que poseía en la escala retributiva previo a enero de 1991. Añadió que las acciones tomadas por la Autoridad equivalían a una reducción en salario que violaba el principio de mérito.
Las partes informaron al Comité el 27 de mayo de 1993 que habían suscrito una estipulación mediante la cual la Autoridad se comprometió a realizar una revisión de la retribución asignada a todos los empleados gerenciales.
En el caso del recurrente en particular, la Autoridad propuso mantener inalterada la clasificación del puesto Ingeniero Gerencial VI y aumentar la retribución al tercer tipo de la escala de retribución 29 para un sueldo mensual de $3,434.00. El recurrente rechazó esta propuesta pero aún así la Autoridad lo concedió y el recurrente recibió un pago global por concepto de ajuste retributivo en sueldo de $9,705.37 según el informe del Comité *822 del 7 de diciembre de 1993.
La norma de ajuste retributivo utilizada por la Autoridad al 1 de enero de 1991 fue:

"a) Tomar el salario real percibido por cada empleado al 31 de diciembre de 1990 y ubicar el sueldo dentro de la nueva escala de retribución para que pudiera coincidir con el tipo retributivo inmediatamente superior.

b) Si el ajuste efectuado conllevase un aumento menor de $50.00 el sueldo sería asignado al tipo retributivo superior que garantizara un aumento no menor de $50.00.

c) Si el sueldo era inferior al tipo mínimo de la nueva escala se asignaría a éste siempre que ello resultara en un aumento no menor de $50.00."

La estructura retributiva vigente en la Autoridad hasta el 31 de diciembre de 1990 contaba con 30 escalas salariales y cada escala retributiva se subdividía en 1 tipo mínimo, 7 tipos intermedios y 1 tipo máximo, para un total inicial de 9 tipos retributivos por escala. La nueva estructura salarial cuenta con 30 escalas retributivas y cada una de estas escalas se subdivide en 1 tipo mínimo, 11 tipos intermedios y 1 tipo máximo, para un total de 13 tipos retributivos por escala.
Alegó el recurrente que en febrero de 1994, la Autoridad implantó unilateralmente una serie de ajustes al PCR que habían sido anunciados en diciembre de 1993. Según el recurrente, el ajuste consistió en reconocer 1 paso por cada 7 años de servicio hasta un máximo de 3 en la escala retributiva a cada empleado que tenía reclamación pendiente ante el Comité. Señaló además que al conceder este ajuste no se consideró el tipo retributivo en que estaba ubicado el sueldo del empleado antes de la implantación del PCR y que sólo se tomó en cuenta si el empleado tenía los años de servicio requeridos y el tipo retributivo en que quedó ubicado su salario dentro de la nueva escala.
En octubre de 1994 se alegó que la Autoridad realizó un nuevo ajuste que consistió en reconocer 1 paso por cada 7 años de servicio, hasta un máximo de 3 pasos. Esto significó una reducción en los salarios de muchos empleados y cuyo efecto final fue que la Autoridad tuvo que ordenar el pago retroactivo de los haberes dejados de percibir por los empleados afectados, desde octubre de 1994 en adelante.
Mediante dichas modificaciones, según argumentó el recurrente, se le reconocieron sólo 2 pasos adicionales privándolo así de reconocerle los demás logros retributivos que alegadamente poseía. Destacó que a empleados que tenían menos experiencia que él se les asignó el mismo salario que él percibía.
Por su parte, la Autoridad reconoció que el recurrente ocupaba el puesto de Ingeniero VII antes de la implantación del PCR y que recibía $3,016.00 correspondientes a la escala 28. Luego de los cambios hechos al PCR, se le ubicó en el puesto de Ingeniero Gerencial VI en la escala 29 con un sueldo de $3,434.00 mensuales. Este aumento representó $320.00 adicionales al aumento de los $98.00 que le habían otorgado al momento de implantarse el PCR. Posteriormente el recurrente recibió otros aumentos de sueldo y en enero de 1993 su salario ascendió a $3,986.00, es decir $970.00 más que antes de implantarse el PCR.
Para el 7 de junio de 1993 el recurrente luego de 30 años en el servicio público, se acogió a una pensión de retiro.
De la decisión del Comité que resolvió que no hubo arbitrariedad en la norma de ajuste retributivo impugnada por el recurrente se acude ante nos en revisión judicial.
n
El recurrente alegó en su primer señalamiento de error que las determinaciones de hechos formuladas por el Comité son incorrectas o no se basan en la prueba desfilada ante ese organismo. Resolvemos que no tiene razón por lo siguiente.
*823 El recurrente cuestionó la forma en que el Comité obtuvo la información de que él había recibido aumentos salariales el 3 de agosto, el 1ro. de octubre de 1992 y el 1ro. de enero de 1993 que elevaron su sueldo hasta la suma de $3,986.00. Sobre este particular, obra en el expediente administrativo, como parte de los anejos del recurso de revisión, una carta de 7 de diciembre de 1993, dirigida al recurrente donde se le informó que el Comité había decidido clasificarlo en el puesto de Ingeniero Gerencial VI, asignado a la escala 29, con un sueldo efectivo al 1 de enero de 1993 de $3,986.00.
De lo antes expresado concluimos que el Comité tuvo prueba documental sobre los hechos mencionados, por lo cual el error no fue cometido.
De otra parte, surge del documento titulado Historial de Puestos y Salarios que el primer nombramiento del recurrente en la Autoridad fue el 16 de mayo de 1968 y no el 20 de junio de 1961 que fue cuando comenzó a trabajar en el Negociado de Carreteras del entonces Departamento de Obras Públicas. La Autoridad fue creada en el 1965, por lo cual al 31 de diciembre de 1996 el recurrente había trabajado durante 22 años en la misma.
En cuanto a la determinación de hechos de que a otros empleados que ocupaban el puesto de Ingeniero VII antes de la adopción del PCR les fuera asignado el puesto de Ingeniero VI con un salario de $2,966.00 efectivo al 1991, no le asiste la razón. En su recurso de revisión el recurrente aceptó que ese salario fue asignado a todos los empleados y así surge de la determinación de hechos número 6, pero que a partir de 1994 y retroactivo al 1 de enero de 1991 se les aumentó el salario a $3,434.00 como resultado de los cambios efectuados al PCR. Por lo cual surge de la prueba que tuvo ante su consideración el Comité, la corrección que se llevó a cabo. En cuanto a la determinación del Comité de que existía una correlación progresiva entre los valores monetarios de las escalas de la estructura retributiva suplantada y los correspondientes a la nueva estructura retributiva no fue cometido por lo siguiente. El Comité estaba facultado para hacer un análisis comparativo entre los valores de las escalas nuevas y las suplantadas para concluir que los nuevos tipos mínimos absorbían el valor monetario de los tipos retributivos de las escalas suplantadas y no estaba obligado a llegar a las mismas conclusiones del perito de la parte recurrente.
Sobre la alegación de que el aumento en los valores monetarios entre las escalas no resuelve la controversia, pues el cambio va dirigido a los puestos y no a las personas que los ocupan, tampoco tiene razón el recurrente. Un plan de clasificación y retribución va dirigido al puesto y no al empleado, para evitar arbitrariedades con las personas particulares que ocupan dichos puestos. El aumento sustancial en los valores monetarios entre las escalas nuevas y las suplantadas, reconoció los logros retributivos del recurrente en la Autoridad y resuelve la controversia presentada ante el Comité.
Con relación a que la determinación de hechos número 17 efectúa una comparación basada en un error administrativo de la clasificación que la Autoridad le asignó al recurrente, cabe señalar lo siguiente. Lo que determina el Comité es que al adoptarse el PCR se le asignó al recurrente al puesto de Ingeniero Gerencial V, con un sueldo mayor al que se le asignó a otros empleados que tenían una clasificación mayor o lo superaban en años de servicio. Cuando la Autoridad se percató de esta situación, la corrigió y se clasificó al recurrente en el mismo puesto de estas personas y con un sueldo similar. Por lo cual el Comité no incidió en relación a este señalamiento.
Finalmente, señaló el recurrente, que la resolución del Comité omitió la exposición de comparaciones basadas en la prueba por él presentada la cual demostraba violación al principio de mérito al adoptarse el PCR en 1991. Para hacer esta alegación el recurrente confeccionó una tabla basada en números absolutos sin indicar el origen o base utilizada para calcular el monto de los aumentos señalados.
Cabe destacarse que cuando se implanta un plan de esta naturaleza deben analizarse las circunstancias particulares de cada empleado, pues como se hizo en el presente caso, necesariamente no todos los empleados van a recibir el mismo aumento.
Por los anteriores fundamentos, concluimos que el primer error no fue cometido ya que las determinaciones que emitió el Comité se fundamentan en la prueba que tuvo ante su consideración.
*824 III
En relación al segundo error, que el Comité resolvió que el recurrente no tenía derecho a que se le acreditaran todos los pasos que había recibido previo a la implantación del nuevo PCR, el mismo no fue cometido por lo siguiente.
El Tribunal Supremo ha expresado que cuando se implanta un plan que pone en vigor unas nuevas escalas retributivas, los logros retributivos de los empleados pueden ser absorbidos por las nuevas escalas. Este procedimiento no atenta contra el principio de mérito reconocido a favor de los empleados. Aulet Lebrón v. Departamento de Servicios Sociales, opinión de 28 de junio de 1991, 91 J.T.S. 73, pág. 8899.
En el caso particular del recurrente, no se redujo en ningún momento su salario por efecto de la implantación del PCR. Se utilizó un procedimiento donde se ubicó su sueldo en la escala retributiva correspondiente, se clasificó el puesto según el nuevo plan y se ajustó al tipo retributivo. Si el ajuste era de $50.00 o menos se llevaba al próximo tipo retributivo en la nueva escala. Si por el contrario, el sueldo era inferior ál básico de la nueva escala, se llevaba al sueldo básico que le correspondía.
El recurrente se desempeñaba como Ingeniero VII con un salario de $3,016.00 mensuales en la escala 28. Luego de la clasificación, se le asignó al puesto de Ingeniero Gerencial VI, asignado a la escala 29 con un sueldo de $3,114.00, hasta que eventualmente se fijó el sueldo en $3,986.00.
Conforme a lo antes expresado, siempre que los nuevos tipos y escalas retributivas no menoscaben el salario del empleado sino que se reconozca o se absorban todos los logros retributivos que tuvo el empleado antes de entrar el plan en funciones, se cumple con lo establecido en el principio de mérito. En este caso el Comité cumplió con este requisito por lo cual resolvemos que no hubo violación a este principio.
IV
Respecto a la alegación de que la actuación de la Autoridad violó el principio de igual paga por igual trabajo como aduce el recurrente, no le asiste la razón. Se ha reconocido que dentro de una clase existen puestos distintos, ocupados por personas que han prestado distintos años de servicios, tienen distintas cualidades y merecen retribuirse de forma diferente. 3 L.P.R.A. see. 760 (j)(7), (8); Aulet Lebrón v. Departamento de Servicios Sociales, supra, pág. 8899.
Igual tratamiento merece el planteamiento de violación a la igual protección de las leyes. Específicamente las enmiendas adoptadas por la Autoridad y realizadas al plan para reconocer pasos por mérito por cada 7 años hasta un máximo de 3 años surgió como alternativa para solucionar la situación de algunos empleados. Con esta acción no se reconoció la existencia de un trato desigual o que el PCR fuera uno defectuoso. Al contrario, si hubo algún error en su implantación éste quedó subsanado con las modificaciones introducidas al mismo, las cuales reconocían iguales derechos a los empleados que sostenían estar en posición de desventaja, frente a otros que llevaban menos años de servicios.
V
Nuestro más alto foro ha resuelto, que en ausencia de arbitrariedad o irrazonabilidad en la apreciación de la prueba, un tribunal apelativo debe abstenerse de intervenir con las determinaciones tomadas por una agencia administrativa. Maisonet Felicié v. Corp. F.S.E., opinión de 30 de diciembre de 1996, 96 J.T.S. 169, pág. 454; Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975).
Del análisis de las circunstancias en el presente caso, concluimos que la Autoridad le garantizó al recurrente un proceso justo donde se evaluaron sus reclamaciones y el resultado final fue el reconocerle sus derechos de tal forma que de un salario de $3,016.00 antes del plan de retribución se fijó uno de $3,986.00 para un aumento real de $970.00. Por lo cual en ausencia de arbitrariedad o irrazonabilidad en la adjudicación del caso por la agencia administrativa, procede abstenernos de intervenir en la misma.
VI
Por los anteriores fundamentos se deniega expedir el auto de revisión solicitado.
*825 Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General